*44 At the District Court of Winchester, in October, 1807, John Miller filed a suggestion in writing in these words: “Virginia, district of Winchester, to wit, be it remembered, that on the --day of October, 1807, at a superior court continued and held for the district composed of the counties of Frederick, &c., before, &'c., comes John Miller by his counsel, and gives the said court to understand and be informed, that whereas all, and all manner of pleas and plaints, involving the title or bounds of lands, or the right or title to any freehold estates within the said commonwealth of Virginia, and within the district aforesaid, arising and happening, to certain courts of record within the said district, that is to say, to the courts of quarterly sessions of the counties and corporations within the said district respectively, and to the court held according 159 to law for the*district aforesaid, do belong and appertain; and whereas by the declaration of rights made by the representatives of the good people of Virginia assembled in full and free convention, at the capitol in the city of Williamsburgh, on the 6th May, 1776, it is declared and established, that in controversies respecting property, and suits between man and man, the ancient trial by jury is preferable to any other, and ought to be held sacred; and whereas also an action of debt, account, or assumpsit will not lie for the recovery of a fee rent, or any fee simple estate or interest in an incorporeal hereditament. Nevertheless, a certain James M. Marshall, Esq., not ignorant of the premises, but contriving him the said John Miller, wrongfully to aggrieve and oppress, and from the rights and jurisdictions of the courts of the said commonwealth to derogate, and the cognizance of pleas, which to the said courts of record, and among others to the said district court, and not to the justices of peace out of court belongs; to another examination before a justice of the peace out of court, to draw before one John S. Woodcock, a justice of peace for Frederick county, within, &c., against the due form of law, and contrary to the laws, customs, and usages of the land, for a certain supposed right, by the said J. M. Marshall claimed, to a certain freehold estate of inheritance in an incorporeal hereditament, that is to say,' a certain yearly 160 rent claimed to be *issuing out of the lands and tenements of the said John Miller, -and payable to the said J. M. Marshall, as assignee of Denny Fairfax, formerly Denny Martin, who was assignee of Thomas the late Lord Fairfax, hath unjustly drawn the said John Miller in a plea to answer to a certain account before the said John S. Woodcock, Esq., against him the said J. Miller by the said James M. Marshall exhibited and stated, he, the said James M. Marshall, before the said John S. Woodcock, craftily arid subtilly stating his demand and substance as follows: ‘John Miller to James M. Marshall, &c., &c. [Here an account is copied by which Miller is charged with nine years’ rent, from 1797 to 1805 inclusive, of a lot in Winchester, amounting to 31. J which said rent is reserved by a deed under seal, conveying the said lot, designated by the letter C, to-signed by the said Lord Fairfax, and dated-now in the custody of the said John Miller, to him the said Thomas Lord Fairfax, his heirs and assigns for ever, and which said rent the said James M. Marshall by divers good and sufficient conveyances in the law has now a right to demand and have, but the payment of which he the said John Miller refuses to make: wherefore he the said James M. Marshall prays judgment, &c.’ [The suggestion then sets forth that a warrant was issued by Woodcock, summoning Miller to appear and answer the complaint; which was ex-161 ecuted, and was ‘>:'then depending and undetermined.] And the said John Miller says that the rent reserved to the said Lord Fairfax, and his heirs and assigns by the deed aforesaid, under which the said James M. Marshall claims the rent aforesaid, was a freehold estate of inheritance in an incorporeal hereditament in the said Lord Fairfax, and that the said J. M. M. claims the said rent as issuing out of the said lot, and payable to him and his heirs and assigns for ever, and the said John Miller further saith, that the said demand, claimed and demanded by the said James M. Marshall of him the said John Miller, by warrant before the said John S. Woodcock, and the account stated and claimed by him as aforesaid, is the same with the aforesaid rent, and not other or different therefrom, and the said James M. Marshall him the said J. Miller before the said John S. Woodcock as a justice of the peace as aforesaid, of and upon the premises to appear hath wrongfully bliged, and the said J. Miller thereupon there to answer, and in the premises to cause to be condemned with all his power and endeavours, and daily contrives in contempt of the authority of the courts of record of the said commonwealth, against the laws and customs of the commonwealth, and to the manifest prejudice, damage, and grievance of him the said John Miller, and this he is ready to verify, with this that the place [named in the warrant of the justice 162 where Miller was to appear] is *in the county of Frederick aforesaid, &c., &c., and that the said Marshall and Woodcock are both of said county, &c., and the said lot of *45 ground out of which the said rent is claimed to issue, and the said J. Miller, and all the persons and things concerned, &c., are within the county of Frederick, and within the jurisdiction of this court, and subject to its rules and process ; wherefore the said John Miller, the aid of this court most respectfully demanding, prays remedy by the commonwealth’s writ of prohibition to the said John S. Woodcock, justice of the peace as aforesaid, or other justices in form of law to be directed to prohibit him and them from holding the plea aforesaid, of and concerning the premises aforesaid, farther before him or them, &c.” The matters of fact contained in this suggestion were sworn to.
The district court adjourned the cause to the general court for novelty and difficulty, and that court, on the 13th June, 1808, present, Judges Tyler, Nelson, Stuart and Brooke, decided “that the District Court of Winchester ought to award the writ of prohibition in the said record mentioned.”